**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-50728

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COLLIER M. SUBLETT,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

September 30, 1997

Before POLITZ, Chief Judge, HIGGINBOTHAM and SMITH, Circuit Judges.

POLITZ, Chief Judge:

Collier M. Sublett appeals his sentence following a guilty plea conviction for mail fraud and transmitting false writings and bids to defraud the United States. Concluding that the district court erred in determining Sublett's offense level, we vacate and remand for resentencing.

**BACKGROUND**

Sublett owned Employee Assistance Center of Texas (EACT) which marketed counseling services. In 1990 Sublett misrepresented his academic and

professional qualifications in his bid to win a five-year contract to provide counseling services to Internal Revenue Service employees in Austin, Texas. When he applied for a second contract with the IRS in 1994, Sublett again misrepresented his credentials. He also submitted falsified diplomas and certifications to the IRS.

Under the first contract the IRS paid EACT $166,323.44. Sublett provided qualified counselors for most of the sessions; however, Sublett, who was not qualified, personally provided some counseling and also billed the IRS for sessions that never occurred. Sublett's scheme was uncovered before he began to perform the second contract under which EACT was to receive payments totaling $212,016.

Sublett entered a plea of guilty to two counts of mail fraud, 18 U.S.C. § 1341, and one count of transmitting false writings and bids to defraud the United States, 18 U.S.C. § 494. In calculating the offense level under U.S.S.G. § 2F1.1, the district court adopted the presentence report's computation that the total loss caused by Sublett was equal to the total amount paid under the first contract plus the total amount to be paid under the second contract. Because the loss thus exceeded $350,000, the district court increased the offense level by nine points[1] and sentenced Sublett to eighteen months in prison, ordering him to pay a $4000 fine and $86,395.21 in restitution. Sublett timely appealed.

## ANALYSIS

---

[1]U.S.S.G. 2F1.1(b)(1)(J).

Sublett contends that the district court erred in its application of section 2F1.1(b)(1) by determining the loss to be the total sums paid and to be paid under the two contracts. Sublett maintains that he should be given credit, in the sentencing calculation, for the legitimate counseling services provided under the first contract and for the legitimate and qualified services he intended to provide the IRS under the second contract. We agree.

Application Note 7(b) to section 2F1.1 states that in a fraudulent contract procurement case the loss is the greater of the actual loss to the victim or the intended loss. On the record before us there is no basis for finding that Sublett actually caused or intended to cause a loss in the amount of the total value of the two contracts. In reaching this conclusion we follow the path blazed by our colleagues in the Seventh Circuit in **United States v. Schneider**.[2] In that case, the court persuasively distinguished between one who perpetrates fraud to win a contract with <u>no</u> intent to perform and one who uses fraud to procure a contract but intends to provide the contracted for services. Sublett's conduct falls into the latter category and he should not be characterized as causing as much loss as one who intends to totally cheat the victim, giving nothing in return. The district court therefore must deduct the value of the legitimate services actually provided by Sublett's operation under the first contract and those that he intended to provide under the second contract in its calculation of the loss under section 2F1.1(b)(1).

We VACATE Sublett's sentence and REMAND for resentencing consistent

---

[2]930 F.2d 555 (7th Cir. 1991).

3

herewith.